CITY OF BIDDEFORD *vs.* ANABEL T. CLEARY ET AL.

York.      Opinion July 12, 1933.

L. P. LaFountaine,
Robert B. Seidel, for plaintiff.
Thomas F. Locke,
Strout & Strout, for defendants.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, THAXTER, JJ.

STURGIS, J.    Action of debt on the bond given by the defendant, Anabel T. Cleary, as Tax Collector of the City of Biddeford. Pleas in abatement were filed by the defendant and her surety. The Royal Indemnity Company, and the plaintiff demurred. The presiding Justice overruled the demurrers, sustained the pleas in abatement and quashed the writ. Exceptions were reserved.

The case made by the bill of exceptions is that on April 5, 1932, the Board of Aldermen and Common Council of Biddeford passed in concurrence and the mayor approved an order of the following tenor in part:

"Ordered that the City Treasurer be and he hereby is authorized and instructed to collect all unpaid taxes due the City of Biddeford from past collectors of taxes or delinquent taxpayers, and to institute and prosecute to final Judgment any action or actions that he may legally bring." * *

Under the authority of this order, the Treasurer of Biddeford brings this suit in the name of the city to recover the amount of the taxes committed to the defendant Cleary which remain unpaid.

These facts, although not apparent on the face of the record, are alleged in the pleas in abatement and duly verified in accordance

with Rule V of the Supreme Judicial and Superior Courts. The demurrers admit the facts to be true. Technical defects in the pleadings, if there be any, are waived on the briefs.

The order of the city government conferred no power or authority on the treasurer to institute or prosecute any actions in the name of the city against delinquent taxpayers. The right to bring a suit to collect taxes in the name of a city may only be conferred by directions in writing from the mayor and treasurer. R. S., Chap. 14, Sec. 64. See *Milo* v. *Water Company*, 129 Me., 463. Moreover, such directions must contain specific authority to institute an action in the name of the municipality, and the names of the particular parties to be sued should be stated. *Orono* v. *Emery*, 86 Me., 362, 366; *Rockland* v. *Farnsworth*, 111 Me., 315, 323. Lacking these particulars, the order passed practically transfers to the treasurer of the city the power to determine whether or not any particular actions should be commenced. This the law will not allow. The power conferred by the statute requires an exercise of judgment and discretion and it must be exercised by the persons on whom the law has placed the power and authority to act. It can not be delegated. *Cape Elizabeth* v. *Boyd*, 86 Me., 317; *Rockland* v. *Farnsworth*, supra.

The right of a municipality to bring suit upon the bonds of its tax collectors, however, is not governed by R. S., Chap. 14, Sec. 64. That statute relates only to actions against delinquent taxpayers. Authority to bring this suit comes from the general power conferred on cities and towns to sue and be sued as bodies corporate. R. S., Chap. 5, Sec. 1. The right to exercise that power is vested in the governing body created by the charter. Chapter 408, Special Laws 1855.

The liability of a tax collector on his bond for taxes legally committed to him and uncollected is well established. *Gorham* v. *Hall*, 57 Me., 58; *Norridgewock* v. *Hale*, 80 Me., 326, 334; *Thorndike* v. *Camden*, 82 Me., 39, 45; *Topsham* v. *Blondell*, 82 Me., 152, 155. The city government of Biddeford itself had undoubted authority to commence and prosecute actions against any and all tax collectors who were delinquent on their commitments, and necessarily the actual bringing of suits had to be committed to some officer or agent of the city. There can be no valid objection to the

designation of the city treasurer as the person to perform this duty.

Here again, however, the determination of whether or not it is expedient to sue any particular collector and whether the action shall be against him individually or upon his bond, with a joinder of his surety, calls for an exercise of judgment and discretion. By the rule already stated in connection with actions against tax-payers, the power of determining these questions can not be transferred by the governing body. *Cape Elizabeth* v. *Boyd*, supra; 1 *Dillon's Mun. Corp.*, Fourth Ed., Sec. 96. In the absence of a statute to the contrary, the rule applies, we think, regardless of the particular source from which the authority to act is derived.

The order passed in the case at bar was in effect a general direction to the treasurer of the City of Biddeford to commence and prosecute any appropriate action against any and all collectors who were delinquent. The particular persons to be sued should have been named. Lacking this necessary direction, the order conferred no authority on the treasurer to bring this action. The ruling below sustaining the plea in abatement and quashing the writ was not error.

*Exceptions overruled.*